MATTHEW K. SCHRIEVER (10745)
**SCHRIEVER LEGAL, PLLC**
4955 S. Durango Dr., Ste. 174
Las Vegas, NV 89113
Tel: 702-324-9349
Fax: 702-525-1364
matt@schrieverlegal.com

*Counsel for Defendant VILLE 837, LLC*

## UNITED STATED DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THE CITY OF ELKO, a municipal corporation and political subdivision of the State of Nevada,<br><br>Plaintiff,<br><br>vs.<br><br>VILLE 837, LLC, a Utah limited liability company,<br><br>Defendant. | Case No. 3:24-cv-214<br><br>**ANSWER AND COUNTERCLAIM**<br><br>(Formerly State Court Case No.: DC-CV-2441) |

Defendant VILLE 837, LLC ("Defendant" or "VILLE 837"), by and through counsel, hereby submits this Answer and Counterclaim.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine(s) of laches, statute of frauds, unclean hands, lack of standing, assumption of risk, waiver, accord and satisfaction, record and/or actual notice, res judicata, collateral estoppel, improper collateral attack, lack of status of bona fide purchaser, violation of Due Process, violation of Equal Protection, entrapment, mootness,

1

compliance with the law, and any other matter constituting and avoidance or affirmative defense. Recent photos of the Subject Property, as well as documentation of VILLE 837's efforts to secure the Subject Property, are attached hereto as **Exhibit A**.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Defendant's right to set-off.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its failure to mitigate damages, and/or because its losses are attributable to its own actions and/or inactions.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because no agreement favoring their claims exists between them and Plaintiff, and/or because Plaintiff has materially breached any agreement between the parties, and/or because Defendant is otherwise excused from performing any obligations under any agreement between the parties.

### SIXTH AFFIRMATIVE DEFENSE

Defendant specifically responds to the paragraphs in the Counterclaim as follows:

Defendant ADMITS the allegations in the following paragraphs of the Complaint: ¶¶ 1, 2, 3,

Defendant DENIES the allegations in the following paragraphs of the Complaint (or else DENIES the allegations in the paragraph because no response thereto is required): ¶¶ 4, 5, 32-40.

Defendant lacks sufficient information about, and therefore DENIES, the allegations in the following paragraphs of the Complaint: ¶¶ 6-31.

WHEREFORE, Defendant prays for relief

1.  That Plaintiff take nothing by way of its Complaint;

2.  That Plaintiff's claims be dismissed with prejudice;

3.  That Defendant be awarded fees and costs as authorized by law; and

4.  For such other legal and equitable relief this Court deems just and proper.

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff VILLE 837, by and through counsel, and for causes of action alleges as follows:

1. VILLE 837 is a Utah limited liability company and the title owner of real property located at 837 Idaho Street, Elko, NV 89801 (the "Subject Property").

2. Counterclaim Defendant City of Elko ("ELKO") is a municipal corporation and political subdivision of the State of Nevada.

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b), 28 U.S.C. § 1441(e)(1), this action being for an amount in excess of $75,000, and is between ELKO, a citizen of Nevada, and VILLE 837 (the sole defendant), being a citizen of the State of Utah, thus creating complete diversity of citizenship. Jurisdiction is also proper pursuant to 28 U.S.C. § 1331 insofar as VILLE 837's counterclaims arise under the Constitution of the United States, specifically the Due Process Clauses of the Fifth and Fourteenth Amendments. Jurisdiction is also proper pursuant to 28 U.S.C. § 1367, as this Court has supplemental jurisdiction over the state-law-based claims asserted by ELKO, which claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. VILLE 837 is one of a number of limited liability companies managed by a common principal, Keith Warburton, who has successfully implemented a business model in

3

which a motel is purchased, renovated and converted to provide short-term and/or low-income living space for those in dire need of it. These LLCs currently manage and maintain more than five hundred (500) low income "doors" in Utah and Colorado.

5. In or about December of 2022, VILLE 837 purchased the Subject Property, a defunct motel, with the intention of renovating it and converting it to short-term and/or low-income living space for those segments of ELKO's citizenry who have dire need.

6. Upon information and belief, the Subject Property was, prior to VILLE 837's purchase of it, operated by its then-owner as an ostensible hospitality (motel) facility. However, in truth, the previous owner of the Subject Property was grossly negligent in managing the property, allowing "guests" to stay in possession for weeks or months, far in excess of operative state and local laws governing hospitality businesses. This behavior resulted in the "guests" effectively acquiring the rights of *de facto* "tenants" under Nevada law.[1] All of this occurred prior to VILLE 837's purchase of the Subject Property.

7. Upon information and belief, ELKO was aware of, and acquiesced to, the foregoing state of affairs, having taken little or no adverse action against the previous owner, and otherwise essentially turning a blind eye to the problems being created by the above-described poor management, such that ELKO materially contributed to the poor conditions that allowed criminality and misconduct to fester at the Subject Property well before VILLE 837 acquired ownership of it. Put another way, ELKO materially contributed to the deterioration of the Subject Property, for which deterioration ELKO now seeks to punish VILLE 837.

---

[1] See, e.g., N.R.S. 40.255(2)(b) (addressing "periodic tenancies or tenancies at will"); N.R.S. 40.251(1)(a)(2)-(3) (addressing "periodic tenancies" and "tenancies at will").

8. Shortly after purchasing the Subject Property, VILLE 837 initiated efforts to evict or otherwise persuade "tenants" at the Subject Property to surrender possession so that VILLE 837 could more fully comply with the law regarding occupancy of the Subject Property, and also to reduce instances of criminal and/or nuisance behaviors at the Subject Property. These efforts took several months, and became necessary because ELKO had allowed the previous owner to run the Subject Property as a hotbed of drugs, prostitution, etc.

9. Shortly after purchasing the Subject Property, VILLE 837 also submitted to ELKO an application for a business license. VILLE 837's intention was to initially operate the Subject Property as a hospitality facility, with a later transition to short-term and/or low-income living spaces. However, to date, ELKO has refused to grant any business license, citing, as the basis for its refusal, the foregoing issues to which it (ELKO) has materially contributed.

10. Without a business license, VILLE 837 cannot operate the Subject Property, obtain building permits to remediate and improve it, or effectively use the Subject Property for any lawful purpose.

11. Upon information and belief, ELKO is conditioning issuance of a business license on provisions and requirements which are materially distinguishable from those imposed on the previous owner of the Subject Property, or on other applicants in general.

12. Upon information and belief, ELKO is imposing fines and other punitive measures, or attempting to do so, in ways which are materially distinguishable and more onerous than those imposed on the previous owner of the Subject Property, or on other applicants in general.

/././

**FIRST CAUSE OF ACTION**
**(Judicial Review / Declaratory Relief)**

13. VILLE 837 herein incorporates by reference the preceding allegations.

14. The Nevada Supreme Court has recognized that, under Nevada law, courts may be petitioned for judicial review to "review an administrative decision for substantial evidence."[2] The Ninth Circuit has similarly recognized court authority to judicially review administrative decisions.[3]

15. VILLE 837 is aggrieved by ELKO's unjustified, vexatious, arbitrary and capricious treatment as pertaining to its (ELKO's) refusal to issue a business license, and as pertaining to its action filed in the state court and now removed to this Court.

16. Accordingly, VILLE 837 petitions this Court for judicial review of the record on which ELKO has refused to issue a business license, and/or on which ELKO has pursued the removed claims, including but not limited to:

   a. A determination that the decisions lacked substantial evidence;

   b. A determination that the actions are unconstitutional deprivations of VILLE 837's protected property interests under the U.S. Constitution, including but not limited to its Due Process and Equal Protection provisions, and all other applicable laws;

   c. A determination that ELKO has acted arbitrarily and capriciously in targeting VILLE 837 regarding refusal to issue a business license, and also its pursuit of the removed claims against VILLE 837; and

   d. Other relief consistent with the foregoing determinations.

---

[2] See Nellis Motors v. State Dep't of Motor Vehicles, 124 Nev. 1263, 1269, 197 P.3d 1061, 1066 (2008).
[3] See, e.g., ASSE Int'l, Inc. v. Kerry, 803 F.3d 1059, 1072 (9th Cir. 2015).

6

17. Additionally or alternatively, a justiciable controversy exists that warrants declaratory judgment pursuant to Nevada's Uniform Declaratory Judgments Act, N.R.S. 30.010 to 30.160, inclusive.

18. VILLE 837 and ELKO have adverse and/or competing interests relative to the Subject Property, the removed claims, and the counterclaims recited herein.

19. This controversy is ripe for judicial determination as VILLE 837 has been harmed, and will continue to be harmed, by ELKO's actions.

20. There is no other readily available remedy for VILLE 837, such that it is entitled to declaratory relief as recited in ¶ 16, supra.

21. As ELKO's actions have required VILLE 837 to hire counsel and incur fees and costs, VILLE 837 also request an award of fees and costs as authorized by law.

**SECOND CAUSE OF ACTION**
**(Violation of Procedural Due Process)**

22. VILLE 837 herein incorporates by reference the preceding allegations.

23. The State of Nevada and its constituent subsidiary components, including ELKO, provide licenses to citizens and entities doing business in Nevada, including business licenses.

24. These licenses have repeatedly been held by Nevada courts to constitute property interests protected by Due Process from administrative revocation or other untoward treatment.[4]

25. The Ninth Circuit has further recognized that where a local government "create[s] an expectation in applicants that … they have a right to obtain [a] license," such an expectation implicates a property interest protected by Due Process.[5]

---

[4] See, e.g., Weaver v. State, Dep't of Motor Vehicles, 117 P.3d 193, 199 (Nev. 2005).

7

26. Seeking and obtaining a business permit to do business in the City of Elko is, under normal circumstances, effectively a *pro forma* process, and one which creates an expectation that ELKO will grant such a license for normative and lawful business purposes.

27. ELKO's failure to issue a business license is fundamentally unfair, arbitrary and capricious, and constitutes a Due Process violation, for which VILLE 837 is entitled to, and requests, damages in an amount to be established at trial, and for an award of attorney fees and costs.

### THIRD CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1983)

28. VILLE 837 herein incorporates by reference the preceding allegations.

29. ELKO's conduct subjects it to liability under 28 U.S.C. § 1983.

30. The above-referenced Due Process violations arose when ELKO was acting under color of state, county and/or city laws.

31. The above-referenced violations deprived VILLE 837 of the rights, privileges and immunities secured by the U.S. Constitution and/or laws of the United States to which VILLE 837 is and was legitimately entitled.

32. The above-referenced violations have injured VILLE 837 in an amount and type to be determined at trial.

33. VILLE 837 is entitled to, and requests, damages in an amount to be established at trial, and for an award of attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, VILLE 837 prays for the following relief:

1. For judicial review and declaratory relief as set forth above;

---

[5] See Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 63 (9th Cir.

8

2. For compensatory and special damages as set forth herein;

3. For an award of attorney's fees and costs; and

4. For such other legal and equitable relief as this Court deems appropriate.

Date: May 15, 2024

                            **SCHRIEVER LEGAL, PLLC**

                            */s/ Matthew K. Schriever*
                            MATTHEW K. SCHRIEVER (10745)
                            Counsel for Defendant VILLE 837, LLC

1994).