UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE CITY OF ELKO,<br><br>     Plaintiff,<br><br> v.<br><br>VILLE 837, LLC,<br><br>     Defendant. | Case No. 3:24-CV-00214-CLB<br><br>**ORDER REGARDING MOTIONS TO REMAND, DISMISS, AND AMEND**<br><br>[ECF Nos. 13, 15, 17] |

  This case involves an action filed by Plaintiff City of Elko ("Elko") which has been removed from the Fourth Judicial District Court of Nevada to the Federal District Court for the District of Nevada by Defendant Ville 837, LLC ("Ville 837"). (ECF No. 1.) Currently pending before the Court are Elko's motion to remand to state court, (ECF No. 13), Elko's motion to dismiss Ville 837's counterclaims, (ECF No. 15), and Ville 837's motion to amend the petition for removal.[1] (ECF No. 17.) The Court will first address Elko's motion to remand and Ville 837's motion to amend the petition for removal as the two motions are related.

  On June 7, 2024, Elko filed a motion to remand this case back to the Fourth Judicial District of Nevada based on alleged defects in Ville 837's petition for removal, (ECF No. 1). (ECF No. 13.) Elko argues that Ville 837 neglected to provide information about the citizenship of the members of the limited liability company. (*Id.* at 2, 5-7.) Elko further argues that federal question jurisdiction is unavailable because the federal question is not presented on the face of the *plaintiff's* complaint, without taking into consideration any counterclaims, and thus Ville 837 must show diversity jurisdiction applies. (*Id.* at 2, 7-9.)

  On June 19, 2024, Ville 837 filed a motion to amend the petition for removal to include information which would cure the defects raised by Elko. (ECF No. 17.) Ville 837 contemporaneously filed an opposition to the motion for remand, arguing that Ville 837

---

[1] Ville 837 also filed a motion to stay the case, (ECF No. 22). However, the Court will not address that motion in the instant order as the motion to stay is not fully briefed.

had an opportunity to provide information to show jurisdiction is proper by establishing that the sole member of the LLC is a resident of Utah.[2] (ECF No. 16.) An LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). An individual's citizenship is determined by her state of *domicile*, not her state of *residence*. *Kanter v. Warner-Lambert Co.*, 265 F.3d 845, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir.1986)). Subsequently, Ville 837 filed an affidavit clarifying that the sole member of the LLC is a citizen of and domiciled in Utah. (ECF No. 27 (stating "Utah is my permanent home, both previously, currently, and for the foreseeable future" and including a copy of his Utah driver's license).)

Here, the statute states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 ("."); *see Fidelity & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 918 (9th Cir. 1979) (granting leave to amend complaint to allege diversity jurisdiction). Thus, the Court grants Ville 837's motion to amend the petition for removal, (ECF No. 17), to include proper citizenship information. Consequently, the defects in the petition for removal are cured and Elko's motion for remand, (ECF No. 13), is denied.

Finally, as to Elko's motion to dismiss Ville 837's counterclaims, (ECF No. 15), the Court denies the motion as moot based on Ville 837's notice of voluntary dismissal of its counterclaims. (ECF No. 20.)

///

///

---

[2] As to Ville 837's contention that Elko's motion to remand is deficient for failure to include a signature, (ECF No. 18 at 5), the Court's local rules provide that "[t]he filing of a document through the use of an authorized filer's login and password constitutes the "signature" of that attorney or party for purposes of Fed. R. Civ. P. 11." LR IC 2-1. Additionally, "[a]n electronic signature may be either in the form of '/s/ [name]' or a facsimile of a handwritten signature." LR IC 5-1(a). The parties are reminded to be familiar with the Court's local rules and the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Elko's motion to remand, (ECF No. 13), be **DENIED**.

**IT IS FURTHER ORDERED** that Ville 837's motion to amend, (ECF No. 17), be **GRANTED**.

**IT IS FURTHER ORDERED** that Elko's motion to dismiss, (ECF No. 15), is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED**: __July 10, 2024__.

_____
**UNITED STATES MAGISTRATE JUDGE**