UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE CITY OF ELKO,<br><br>　　　　Plaintiff,<br>　v.<br>VILLE 837, LLC,<br><br>　　　　Defendant. | Case No. 3:24-cv-00214-ART-CLB<br><br>ORDER<br>(ECF No. 22) |

Plaintiff City of Elko sued Defendant developer Ville 837 for violating a Nevada public-nuisance statute. Defendant seeks to stay proceedings while they exhaust an administrative remedy for a compulsory counterclaim.

**I.　　Background & Analysis**

Defendant sought to stay proceedings for 90 days to exhaust an administrative remedy for a compulsory counterclaim in June 2024. (ECF No. 22.) Several months have passed without an update about Defendant's efforts to exhaust.

Equitable factors and Defendant's long period without a status update require the Court to deny Defendant's motion for a stay. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708. When deciding whether to issue a stay, the Court considers the possible damage which may result from the granting of a stay; the hardship or inequity which a party may suffer in being required to go forward; and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law. *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (citing *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)). Plaintiff points to possible damage arising out of delay from Defendant's alleged failure to abate their nuisance property. (ECF No. 28.) Defendant's failure to

1

update the Court about its administrative exhaustion suggests that the stay would not cause Defendant great hardship or inequity. (*See* ECF No. 22.) Delaying disposition about an alleged public nuisance could result in damage to the parties by complicating legal issues and proof, and further delay may also affect the Court's ability to effectively manage its docket. *See In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1085.

Accordingly, the Court denies Defendant's motion to stay and orders the parties to provide a status update within 30 days of entry of this order.

## II. Conclusion

Accordingly, the Court denies Defendant's motion to stay (ECF No. 22).

Further, the Court orders the parties to provide a status update within 30 days of entry of this order.

Dated this 18th day of February, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE