1  David M. Stanton (NSB No. 4389)
2  Michael Q. Hanley (NSB No. 16091)
   Goicoechea, Di Grazia,
3  Coyle & Stanton, Ltd.
   530 Idaho St.
4  Elko, NV 89801
   Tel: 775-738-8091
5  davidstanton@elkolawyers.com

6
   *Attorneys for Plaintiff, the City of Elko*
7

8                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
9
   _____
10

11  THE CITY OF ELKO, a municipal              Case No.: 3:24-cv-00214-CLB
    corporation and political subdivision of the
12  State of Nevada,                           **MOTION FOR ENTRY OF
                                               DEFAULT JUDGMENT**
13

14                    Plaintiff,
    vs.
15

16  VILLE 837, LLC, a Utah limited liability    (formerly State Court Case No.:
    company,                                     DC_CV_2441)
17
                      Defendant.
18  _____/

19        Comes now Plaintiff, THE CITY OF ELKO, a municipal corporation and political

20  subdivision of the State of Nevada, by and through its undersigned counsel, and hereby

21  requests that this Court enter judgment against Defendant VILLE 837, LLC, a Utah
22
    limited liability company, after the Clerk's Entry of Default was filed on April 29, 2025
23
24  (ECF No. 44). This Motion is made and based on the attached  Points and Authorities,

25  affidavits, and exhibits.

26  / / /

27
    / / /
28

                    GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
                                   ATTORNEYS AT LAW
                          530 IDAHO STREET - P. O. BOX 1358
                                 ELKO, NEVADA 89801
                                    (775) 738-8091                                      1

1  **DATED** this 13th day of July, 2025.

2

3                                        **GOICOECHEA, DIGRAZIA,**
                                         **COYLE & STANTON, LTD.**
4                                        Attorneys for the City of Elko
                                         P.O. Box 1358
5                                        Elko, NV 89803

6

7                                        By:  /s/ Michael Q. Hanley
                                              **DAVID M. STANTON**
8                                             Nevada State Bar No. 4389
                                              **MICHAEL Q. HANLEY**
9                                             Nevada State Bar No. 16091

10                     **POINTS AND AUTHORITIES**

11
    I.      **BACKGROUND**
12
              Plaintiff filed its Complaint for Abatement of Chronic Nuisance Pursuant to NRS
13
14  268.4124 on April 9, 2024, in the Fourth Judicial District Court of the State of Nevada

15  (Case No. DC-CV-24-41). The case was removed to this Court by Defendant on May 15,

16  2024 (ECF No. 1) and an Answer was filed the same day (ECF No. 2). After months of

17  inactivity by Defendant, a Motion to Withdraw as Counsel of Record was filed by

18  Defendant's counsel, Matthew K. Schriever on February 18, 2025 (ECF No. 38). On
19
    March 5, 2025, this Court granted Mr. Schriever's Motion and ordered Defendant to file a
20
21  substitution of counsel on or before April 4, 2025 (ECF No. 40). Defendant failed to file a

22  substitution of counsel and this Court filed an Order on April 28, 2025 striking

23  Defendant's Answer and instructing the Clerk to enter default against Defendant (ECF
24
    No. 43). A Default was entered against Defendant by the Clerk on April 29, 2025 (ECF
25
26  No. 44).

27  II.     **LEGAL STANDARD**

28            NRS 268.4124(3) provides as follows:

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
ATTORNEYS AT LAW
530 IDAHO STREET - P. O. BOX 1358
ELKO, NEVADA 89801
(775) 738-8091

2

If the court finds that a chronic nuisance exists and emergency action is necessary to avoid immediate threat to the public health, welfare or safety, the court shall order the city to secure and close the property for a period not to exceed 1 year or until the nuisance is abated, whichever occurs first, and may:
(a) Impose a civil penalty:
    (1) If the property is nonresidential property, of not more than $750 per day; or
    (2) If the property is residential property, of not more than $500 per day,
    for each day that the condition was not abated after the date specified in the notice by which the owner was required to abate the condition;
(b) Order the owner to pay the city for the cost incurred by the city in abating the condition;
(c) If applicable, order the owner to pay reasonable expenses for the relocation of any tenants who are affected by the chronic nuisance; and
(d) Order any other appropriate relief.

NRS 268.4124(7)(a) provides the following:

A "chronic nuisance" exists:
(1) When three or more nuisance activities exist or have occurred during any 30-day period on the property.
(2) When a person associated with the property has engaged in three or more nuisance activities during any 30-day period on the property or within 100 feet of the property.
(3) When the property has been the subject of a search warrant based on probable cause of continuous or repeated violations of chapter 459 of NRS.
(4) When a building or place is used for the purpose of unlawfully selling, serving, storing, keeping, manufacturing, using or giving away a controlled substance, immediate precursor or controlled substance analog.
(5) When a building or place was used for the purpose of unlawfully manufacturing a controlled substance, immediate precursor or controlled substance analog and:
    (I) The building or place has not been deemed safe for habitation by a governmental entity; or
    (II) All materials or substances involving the controlled substance, immediate precursor or controlled substance analog have not been removed from or remediated on the building or place by an entity certified or licensed to do so within 180 days after the building or place is no longer used for the purpose of unlawfully manufacturing a controlled substance, immediate precursor or controlled substance analog.

III.    ARGUMENT

The Elko City Council found that a public nuisance did exist at the property owned by Defendant and ordered abatement of this nuisance on August 30, 2023. The

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
ATTORNEYS AT LAW
530 IDAHO STREET - P. O. BOX 1358
ELKO, NEVADA 89801
(775) 738-8091

3

nuisance was defined in the following manner by the Elko City Council: "The nuisance consists of the failure of the property owner to prevent conduct on and near the property that annoys, injures or endangers the safety, health and comfort, or repose of residents and businesses near the property. The foregoing conduct includes the owner's failure to take reasonable action to prevent persons from entering and occupying the property who engage in criminal activities around the property." The incidents that led to the Elko City Council finding that the property was a public nuisance included numerous calls to the police for service at the property, fights with weapons, and drug activity. For example, between June 15, 2023 and June 21, 2023, three separate complaints by citizens of Elko were received by the City. See **Exhibit 1**. Between July 12, 2023 and July 18, 2023, another three complaints were received by the City of ongoing criminal activity at the property. See **Exhibit 2**. Because both sets of incidents happened within a thirty (30) day period, the definition of a chronic nuisance is met pursuant to NRS 268.4124(7)(a).

Defendant was ordered to abate the nuisance by 1) removing unauthorized persons, 2) hiring a Nevada-licensed security team that must be present on the property 24 hours a day and providing proof of any contracts for such services within five (5) business days of proof of receipt of notice, 3) installment of a security fence, and 4) installment of security cameras. See **Exhibit 3**. On October 24, 2023, the Elko City Council amended its previous abatement order allowing Defendant to hire a Utah-licensed security company. After criminal charges were brought against one security team member for crimes committed on the property itself, the Elko City Council revoked this amendment on March 12, 2024, and caused the abatement order to revert back to the original order requiring a Nevada-licensed security company to conduct constant surveillance on the

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
ATTORNEYS AT LAW
530 IDAHO STREET - P. O. BOX 1358
ELKO, NEVADA 89801
(775) 738-8091

4

property. Defendant never complied with this portion of the order and, to this day, there is no Nevada-licensed security company on site and no proof of their presence or contract has been presented to Plaintiff.

Plaintiff is, therefore, asking this Court to find that a chronic nuisance did exist on the property based on the definition of "chronic nuisance" pursuant to NRS 268.4124(7)(a) and that emergency action was necessary to avoid immediate threat to the public health, welfare or safety based on the number of nuisance incidents occurring during several different thirty (30) day periods. The property in question is not residential pursuant to NRS 268.4124(7)(g). See **Exhibit 4**. Based on this information, the City is requesting this Court to order civil penalties against Defendant in the amount of $750 per day pursuant to NRS 268.4124(3)(a)(1) going back to September 29, 2023, which is the date when the nuisance was supposed to have been abated and all ordered conditions to be satisfied according to the abatement order filed August 30, 2023. Up to March 26, 2024, the date on which City staff reported at a City Council meeting that the public safety concerns had ceased at the property (see **Exhibit 5**), this time period encompasses 209 days, which would make the total amount of civil penalties being requested by Plaintiff to be $156,750.00.

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
ATTORNEYS AT LAW
530 IDAHO STREET - P. O. BOX 1358
ELKO, NEVADA 89801
(775) 738-8091

5

1   F.2d 1470, 1471-72 (9th Cir. 1986).

2       Beginning with the first factor, plaintiff would be subjected to significant

3   prejudice if default were denied in this matter. Plaintiff has been forced to file suit after

4

5   years of uncooperative and noncompliant actions by Defendant after numerous letters,

6   emails, and phone calls have been exchanged or sent and met without response. During

7   the most active time of nuisance activity at this property, the Elko Police Department had

8   to increase its patrolling of the area due to criminal activity at and around the property.

9
    Plaintiff has been forced to expend a lot of tax dollars in an effort to gain compliance;
10
    unfortunately, the property still remains a blight on one of the main streets of Elko and
11

12  continues to deteriorate. But for the actions and nonactions of Defendant, Plaintiff would

13  not have had to file suit. Therefore, Plaintiff would be prejudiced if default judgment

14  were not granted.
15
        The second and third factors, the merits of plaintiff's substantive claim and the
16
    sufficiency of the complaint, both weigh in favor of Plaintiff in this matter as well.
17

18  Substantively, Plaintiff is claiming that despite its own efforts to work with Defendant to

19  clean up the aforementioned property, Plaintiff was met with noncompliance to its City

20  Council's orders and had already been subjected to dealing with all of the activities
21
    occurring at the property that constituted a public nuisance. Plaintiff has attached
22
23  numerous exhibits containing photographs of the property to its Complaint and

24  subsequent filings to illustrate the condition of the property. Plaintiff has also included

25  exhibits which contain letters and emails to Defendant about the conditions of the
26
    property and efforts to work together to clean it up. Plaintiff's claim is therefore
27
28  meritorious and its Complaint is sufficient.

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
ATTORNEYS AT LAW
530 IDAHO STREET - P. O. BOX 1358
ELKO, NEVADA 89801
(775) 738-8091

6

The fourth factor concerns the sum of money at stake in the action. Plaintiff is asking only for damages that are permitted by law. Plaintiff details in the paragraphs above how the property was a chronic nuisance for a significant amount of time and is asking for the maximum penalty of $750 a day pursuant to NRS 268.4124(3)(a)(1) due to Defendant's refusal to cooperate with orders of the Elko City Council and refusal to maintain the property leading to the development of a chronic nuisance. Therefore, the fourth factor weighs in Plaintiff's favor as the sum is not unreasonable due to the circumstances of this matter.

The fifth factor, the possibility of a dispute involving material facts, also weighs in Plaintiff's favor. Defendant's Answer and other responsive pleadings have not necessarily disputed whether a nuisance existed on the property but did blame Plaintiff for allowing the nuisance to begin and continue while not treating the former property's owner in a similar fashion. (ECF No. 2, page 4). Essentially, there is no dispute about the presence of a chronic nuisance at the property. Further, Plaintiff has filed numerous exhibits showing communications with Defendant giving them chance after chance to comply with the Elko City Code and Nevada law, evidencing that Plaintiff did not materially contribute to the chronic public nuisance at the property.

The sixth factor regarding whether the default was due to excusable neglect weighs in Plaintiff's favor as well. Defendant missed the deadline to file a Notice of Appearance and hire corporate counsel as required by Nevada law and noted by this Court in its Order directing such action (ECF No. 40). In fact, Defendant did not hire corporate counsel to file a Notice of Appearance until the final day that Defendant could have opposed Plaintiff's first Motion for Entry of Default Judgment. Defendant had not

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
ATTORNEYS AT LAW
530 IDAHO STREET - P. O. BOX 1358
ELKO, NEVADA 89801
(775) 738-8091

7

filed anything with this Court for several months before this. Therefore, the default was

not due to excusable neglect.

The seventh and final factor concerning the strong policy favoring decisions on

the merits also weighs in Plaintiff's favor. "[W]here timely relief is sought from a default

judgment and the movant has a meritorious defense, doubt, if any, should be resolved in

favor of the motion to set aside the judgment so that cases may be decided on their

merits." *Pena v. Seguros La Comcercial, S. A.*, 770 F.2d 811, 814 (9th Cir. 1985).

Defendant missed its deadline for filing a Notice of Appearance of corporate counsel and

waited several months before filing such and at the eleventh hour for responding to the

default judgment request initially lodged by Plaintiff. Defendant also has no meritorious

defense as discussed above and referenced by its Answer. Therefore, all seven *Eitel*

factors weigh in favor of Plaintiff and default judgment should be granted.

Defendant is not an infant, an incompetent person, or in the military service of the

United States and no evidence of such has been presented thus far. The aforementioned

damages suffered by Plaintiff are a direct result of Defendant's inaction with the property

mentioned in the Complaint and failure to abate the nuisance. Plaintiff is entitled to

default judgment to be entered against Defendant pursuant to Fed. R. Civ. P. 55(b)(1).

Attorney fees totaled $44,528.20. See **Affidavit of Michael Q. Hanley** and **Exhibit 6**.

Costs incurred in this action by Plaintiff total $460.42. See **Affidavit of Michael Q.**

**Hanley** and **Exhibit 7**. Therefore, Plaintiff is requesting that judgment be entered against

Defendant in the total amount of $201,738.62.

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
ATTORNEYS AT LAW
530 IDAHO STREET - P. O. BOX 1358
ELKO, NEVADA 89801
(775) 738-8091

8

1    **DATED** this 13th day of July, 2025.

2                                                        **GOICOECHEA, DIGRAZIA,**
                                                         **COYLE & STANTON, LTD.**
3                                                        Attorneys for the City of Elko
                                                         P.O. Box 1358
4                                                        Elko, NV 89803

5

6                                                        **By:** /s/ Michael Q. Hanley
                                                              **DAVID M. STANTON**
7                                                             Nevada State Bar No. 4389
                                                              **MICHAEL Q. HANLEY**
8                                                             Nevada State Bar No. 16091

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
ATTORNEYS AT LAW
530 IDAHO STREET - P. O. BOX 1358
ELKO, NEVADA 89801
(775) 738-8091

9

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to F.R.Civ.P. 5(b), I certify that I am an employee of GOICOECHEA,

DIGRAZIA, COYLE & STANTON, LTD., and that on the 13th day of July, 2025,

service of the foregoing document was made as follows (1) by the United States District

Court Electronic Filing Service and (2) by email, addressed as follows:

> Seth J. Adams, Esq.
> Woodburn and Wedge
> 6100 Neil Rd., Ste. 500
> Reno, NV 89511

_____/s/  Michael Q. Hanley_____

**MICHAEL Q. HANLEY**

GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
ATTORNEYS AT LAW
530 IDAHO STREET - P. O. BOX 1358
ELKO, NEVADA 89801
(775) 738-8091

10