1

2                          UNITED STATES DISTRICT COURT

3                               DISTRICT OF NEVADA

4    CITY OF ELKO,                              Case No. 3:24-cv-00214-ART-CLB

5                    Plaintiff,                 ORDER
          v.
6
     VILLE 837, LLC,
7
                    Defendant.
8

9        Plaintiff City of Elko sued Defendant developer Ville 837 for violating a

10   Nevada public-nuisance statute. (ECF No. 1-2.) Ville 837 sought a stay while it

11   pursued administrative remedies to counterclaim, the stay was denied, Ville 837's

12   counsel withdrew, and no new counsel entered an appearance on Ville 837's

13   behalf, despite Magistrate Judge Baldwin's order advising Ville 837 of this

14   requirement to proceed in federal court. Judge Baldwin issued a report and

15   recommendation that Ville 837's answer (ECF No. 2) be stricken and that the

16   Clerk enter default against Ville 837. (ECF No. 42.)

17       On April 29, 2025, the Clerk entered default against Ville 837. (ECF No.

18   44.) One month later, City of Elko moved for a default judgment against Ville 837,

19   which was denied without prejudice. (ECF Nos. 45, 50.) Shortly thereafter, City

20   of Elko again moved for a default judgment against Ville 837. (ECF No. 51.)

21       Before the Court now is Ville 837's Motion to Set Aside Clerk's Entry of

22   Default, filed on November 10, 2025. (ECF No. 55.) For the reasons set forth

23   below, the Court grants Ville 837's motion.

24

25

26

27

28

                                        1

1    **I.    DISCUSSION**

2        **A. Legal Standard**

3        Rule 55(c) of the Federal Rules of Civil Procedures provides that the court

4    "may set aside an entry of default for good cause," if brought within "a reasonable

5    time." FED. R. CIV. P. 55(c); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). To

6    determine whether good cause exists, the Court considers: (1) whether culpable

7    conduct of the defendant led to the default (2) whether the defendant has a

8    meritorious defense, and (3) whether the plaintiff will be prejudiced. *U.S. v. Signed*

9    *Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). A

10   "finding that any one of these factors is true is sufficient reason for the district

11   court to set aside the default." *Id.*

12       However, "judgment by default is a drastic step appropriate only in extreme

13   circumstances; a case should, whenever possible, be decided on the merits." *Id.*

14   (citing *Falk*, 739 F.2d at 463). "The court's discretion is especially broad where .

15   . . it is the entry of default that is being set aside, rather than a default judgment."

16   *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

17       **B. Culpable Conduct**

18       "A defendant's conduct is culpable if he has received actual or constructive

19   notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615

20   F.3d at 1092 (citations omitted). To treat a failure to respond as culpable, "the

21   movant must have acted with bad faith, such as an intention to take advantage

22   of the opposing party, interfere with judicial decisionmaking, or otherwise

23   manipulate the legal process." *Id.* (citation and internal quotations omitted).

24       Ville 837 states that any failure to respond was caused by withdrawal of

25   counsel, issues with receiving mail, and their belief that settlement was

26   imminent. (ECF No. 55 at 3–5.) Specifically, Ville 837 alleges that settlement

27   discussions with Plaintiff were in a late stage when it stopped responding, and

28   that any delay in direct settlement discussions was attributable to Ville 837's

1  negotiations with a third party. (*Id.* at 5.) Ville 837 also alleges that the

2  combination of counsel withdrawing and issues with mailing unintentionally

3  delayed Ville 837's re-engagement with counsel and responses in this case. (*Id.*

4  at 3, n.1.) The Court thus finds that Ville 837 did not intentionally fail to respond.

5      The Court also finds that Ville 837 brought this motion within a

6  "reasonable time" since the motion was filed within six months of Ville 837 re-

7  engaging counsel. *See Am. Contractors Indem. Co. v. Fernandez,* No. CV 17-00086

8  DKW-RLP, 2017 WL 4181345, at \*5 (D. Haw. Sept. 21, 2017) ("Generally, motions

9  to set aside default filed within a few months are reasonable, but a delay of many

10  months or years is not.") (collecting cases). Therefore, default is not appropriate

11  against Ville 837 because it did not engage in culpable conduct.

12  **C. Meritorious Defense**

13      A defendant seeking to set aside a default must allege "sufficient facts that,

14  if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. Such a requirement

15  is not a high burden, and "the question whether the factual allegation is true is

16  not to be determined by the court" at this juncture. *Id.* (citation and internal

17  quotations omitted). A defense is meritorious if "there is some possibility that the

18  outcome of the suit after a full trial will be contrary to the result achieved by the

19  default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir.

20  1986).

21      Ville 837 argues that it has two defenses against City of Elko's public

22  nuisance claim: (1) that the conditions City of Elko complains of existed on the

23  property prior to Ville 837's acquisition, partly due to City of Elko's failure to take

24  any adverse action; and (2) City of Elko refused to grant Ville 837 a business

25  license for the property which stalled Vill 837's renovation efforts. (ECF No. 55 at

26  5–6.) Because of the strong preference for a decision on the merits, the Court

27  finds that Ville 837 meets the low bar of demonstrating it may have meritorious

28  defenses such that "there is some possibility that the outcome of the suit after a

3

1   full trial will be contrary to the result achieved by the default." *Hawaii Carpenters*,

2   794 F.2d at 513. Thus, default is not appropriate because Ville 837 has raised

3   meritorious defenses.

4   **D. Prejudice to City of Elko**

5   For purposes of setting aside a default, a plaintiff is prejudiced if they are

6   hindered in their ability to pursue a claim. *Falk*, 739 F.2d at 463. The harm to

7   the plaintiff must be greater than simply delaying the resolution of the case. *TCI*

8   *Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on*

9   *other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The

10  delay must result in "tangible harm such as loss of evidence, increased difficulties

11  of discovery, or greater opportunity for fraud or collusion." *Id.* (citation omitted).

12  Ville 837 alleges that City of Elko will not be prejudiced if the default is set

13  aside because City of Elko has stated that public safety concerns have ceased at

14  the property. (ECF No. 55 at 6–7.) City of Elko responds that delays have caused

15  it to incur substantial and ongoing legal expenses. (ECF No. 56 at 8–9.)

16  City of Elko has not demonstrated that it will suffer prejudice if the entry

17  of default is set aside. (*See* ECF No. 56.) City of Elko is not prejudiced by the

18  temporary delay in resolving the case and has not alleged any tangible harm that

19  such a delay has caused. *See TCI Grp.*, 244 F.3d at 701 ("[M]erely being forced to

20  litigate on the merits or "incurring costs in litigating the default" cannot be

21  considered "prejudicial."). The Court thus finds no suggestion that City of Elko

22  would be prejudiced by setting aside the default.

23  **Conclusion**

24  IT IS THEREFORE ORDERED that Ville 837's motion to set aside the

25  default is GRANTED. (ECF No. 55.)

26  IT IS FURTHER ORDERED that City of Elko's second motion for default

27  judgment is DENIED AS MOOT. (ECF No. 51.)

28

1      Dated this 12th day of December 2025.

2

3

4      _____

5      ANNE R. TRAUM
       UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28